UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.S.,<br><br>                                    *Plaintiff*,<br><br>-against-<br><br>NEW YORK STATE DEPARTMENT OF<br>CORRECTIONS AND COMMUNITY SUPERVISION,<br><br>                                  *Defendant*. | COMPLAINT<br><br>Case No. |

J.S., a former student with a disability, by and through his attorneys, Disability Rights New York and Prisoners' Legal Services of New York, for his complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i) (3).

2. At the time the underlying IDEA proceeding was commenced, Plaintiff was an inmate at Elmira Correctional Facility, 1879 Davis Street, Elmira, New York.

3. At the time the underlying was commenced, Plaintiff was 20 years old. His date of birth is January 25, 1996.

4. At the time of the underlying IDEA proceeding, Plaintiff was a person with a disability as defined by the IDEA, 20 U.S.C. § 1401(3) (A). Specifically, his classifications included learning disability and emotional disturbance.

5. At all times relevant to the filing of this complaint, Plaintiff was represented by Disability Rights New York (DRNY), the designated Protection and Advocacy agency in the State of

New York (42 U.S.C. § 15041 et seq., 42 U.S.C. § 10801 et seq.), and Prisoners' Legal Services of New York (PLS).

6. Defendant New York State Department of Corrections and Community Supervision (DOCCS) is a state agency responsible for operating the State of New York's prison system and supervising parolees.

7. Defendant is required to provide special education services and programming to inmates with disabilities who are under 21 years as defined by the IDEA, 20 U.S.C. § 1401(3)(A).

## JURISDICTION AND VENUE

8. The court has jurisdiction over the subject matter of this action pursuant to 20 U.S.C. § 1415(i)(3)(A).

9. Venue is properly brought in the Western District of New York because a substantial part of the events giving right to Plaintiff's underlying administrative action occurred while Plaintiff was incarcerated in Elmira, New York and the resulting IDEA administrative hearing occurred at Wende Correctional Facility in Erie County, New York. 28 U.S.C. § 1391(b)(2).

## FACTS

10. J.S. was classified pursuant to the IDEA as a student with a learning disability when he was approximately 5-6 years old and classified as having an emotional disturbance when he was approximately 8-9 years old.

11. Plaintiff received special education for most of his life prior to incarceration with the Defendant on December 27, 2013, when all special education ended abruptly and without notice, meetings or due process. The deprivation of a free appropriate public education (FAPE) continued until his release on November 23, 2016.

2

12. On August 11, 2016, Plaintiff filed a Due Process Complaint against the Defendant alleging Defendant had committed gross violations of the IDEA and denied Plaintiff a FAPE, and seeking compensatory special education services and independent educational evaluations.

13. Upon information and belief, Plaintiff's Due Process Complaint was the first ever Due Process complaint filed against Defendant pursuant to the IDEA.

14. It took Defendant and the New York State Education Department until September 22, 2016 to appoint an Impartial Hearing Officer (IHO) to hear this matter.

15. Pursuant to 8 NYCRR 200.5(i) (4), a response to the Due Process Complaint was due from Defendants by August 22, 2016; however, Plaintiffs' counsel did not receive said response until November 4, 2016, and only after multiple requests and conferences with the IHO.

16. Likewise, Defendant failed to timely produce Plaintiff's records despite a lawful request with Plaintiff's written consent made to Defendant on August 11, 2016, followed by multiple attempts to secure such records.

17. A two-day hearing was held before IHO Paul T. Bumbalo in November 2016 at Wende Correctional Facility in Alden, New York.

18. In addition to the submission of post-hearing memorandum of law from the parties, the IHO also requested a supplemental memorandum on the remedy of compensatory education.

19. A 55-page decision and order in favor of Plaintiff was issued by IHO Bumbalo on March 13, 2017. (Exhibit 1).

20. The IHO found Defendant was bound by the IDEA and NY Education Law 4403.

21. The IHO found Defendant failed to put forth reasonable effort to secure Plaintiff's educational records.

22. The IHO found Defendant's policy not to provide special education services unless such services can be verified by an Individualized Education Program was a gross violation of the IDEA.

23. The IHO found Defendant had violated its Child Find obligations pursuant to the IDEA and New York Law and Defendant had sufficient reason to suspect Plaintiff had a disability and was in need of special education.

24. The IHO found Defendant failed to timely and appropriately evaluate Plaintiff in violation of the IDEA and State law.

25. The IHO found Defendant's failure to conduct a Committee on Special Education meeting at the start of his incarceration through the filing of the Due Process Hearing Request was a gross violation of the IDEA.

26. The IHO found Defendant failed to provide special education and related services for the vast majority of Plaintiff's three-year incarceration.

27. The IHO found the substance of Defendant's violations and gross violations of the IDEA warranted a substantial remedy.

28. The IHO ordered Defendant to provide the following compensatory services: 540 modules of 45 minutes of specialized math instruction; 540 modules of 45 minutes of specialized English Language Arts instruction; and 82 30-minute sessions of counseling.

29. An award of compensatory education was an appropriate remedy under the circumstances. At the time the IHO's decision was issued, Plaintiff had turned age twenty-one and would therefore be ineligible for IDEA services at the conclusion of the 2016-2017 school year. In addition, Plaintiff was no longer in the custody of Defendant. For these reasons, compensatory education was the appropriate remedy to address Defendant's failure to provide a FAPE during

4

the three-year period Plaintiff was in its custody. *Mrs. C. v. Wheaton*, 916 F.2d 69 (2d Cir. 1990).

30. Plaintiff incurred reasonable attorneys' fees and costs in the amount of $ 71,542.00.

31. Of the total amount of attorney fees of $71,542.00, $59,812.00 is attributable to the legal work of DRNY and $11,730.00 is attributable to the legal work and costs of PLS.

32. In addition, Plaintiff is seeking recovery of the reasonable costs incurred by DRNY in the amount of $ 988.72.

33. Despite due demand (Exhibit 2), Defendant refuses to pay reasonable attorney fees.

34. Consequently, Plaintiff now seeks costs and fees arising out of Plaintiff's IDEA due process hearing.

## PLAINTIFF'S CLAIMS

### FIRST CAUSE OF ACTION

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1– 34.

36. Plaintiff was the prevailing party at the Impartial Hearing because the hearing officer found that Defendant grossly violated the IDEA by denying Plaintiff's right to a free and appropriate public education and ordering Defendant to provide substantial compensatory special education services to Plaintiff.

37. As the prevailing party, Plaintiff is eligible to be awarded reasonable attorneys' fees by this Court pursuant to 20 U.S.C. § 1415(i) (3).

38. Plaintiff has three years from the date of the IHO decision and order to file a claim for attorneys' fees and costs. P.M. v. Evans-Brant Cent. Sch. Dist., No. 09-CV-686S, 2012 WL 42248, at *6 (W.D.N.Y. Jan. 9, 2012).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. Assume jurisdiction over this action;

2. Award to the Plaintiff costs and attorneys' fees to Disability Rights New York in the amount of $59,812.00 for fees and $988.72 for costs, and attorneys' fees to Prisoners' Legal Services of New York in the amount of $11,730.00 for the underlying administrative proceeding pursuant to 20 U.S.C. § 1415;

3. Award to Plaintiff the costs and attorneys' fees of this fee recovery action pursuant to 20 U.S.C. § 1415; and

4. Grant such other relief this Court deems just and proper.

Respectfully submitted,

Simeon Goldman, Esq.
Disability Rights New York
725 Broadway, Suite 450
Albany, New York 12207-5001

*s/Maria E. Pagano*
Prisoners' Legal Services of New York
14 Lafayette Square, Suite 510
Buffalo, New York 14203