UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.S.,

                **Plaintiff,**        20-CV-297(JLS)

    -vs-                 **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

**NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,**

                **Defendant.**
_____

**PLAINTIFF'S MEMORANDUM OF LAW**

**IN OPPOSITION TO MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 2

PRELIMINARY STATEMENT ........................................................................................... 5

STATEMENT OF FACTS AND PROCEDURAL HISTORY.............................................. 6

STANDARD OF REVIEW ................................................................................................... 8

ARGUMENT......................................................................................................................... 9

  I. DEFENDANT'S ARGUMENT THAT STUDENTS CANNOT RECOVER ATTORNEYS' FEES UNDER THE IDEA IS WITHOUT MERIT................................................................. 9

    A.  Students Are Entitled To Recover Prevailing Party Attorneys' Fees In IDEA Cases ..... 9

    B.  The Legislative Intent Of The IDEA Supports A Student's Right to Reasonable Attorneys' Fees and Costs ................................................................................................. 11

CONCLUSION.................................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**

A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65 (2d Cir. 2005) .................... 9, 10

Ashcroft v. Iqbal, 556 U.S. 662 (2009)................................................................................ 8

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).................................................................. 8

Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources, 532 U.S. 598 (2001) ........................................................................................................................ 9

Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Prot. Agency, 846 F.3d 492 (2d Cir. 2017) .................................................................................................................... 14

Counsel v. Dow, 849 F.2d 731 (2d Cir. 1988) ............................................................................. 10

Douglas v. District of Columbia, 67 F.Supp.3d 36 (D.D.C. 2014) .............................................. 10

Fontenont v. Louisiana Bd. of Elementary and Secondary Educ, 835 F.2d 117 (5th Cir. 1988) ................................................................................................................................... 10, 11, 12

G.M. ex rel R.F. v. New Britain Rd. of Educ., 173 F.3d 77 (2d Cir. 1999) ................................. 10

Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019) ........................................... 13

Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (1982) ......................................................... 13

I.B. ex rel. Z.B. v. N.Y. City Dept. of Educ., 336 F.3d 79 (2d Cir. 2003) ................................... 10

J.C. v. Regional School Dist. 10, Bd. of Educ., 278 F.3d 119 (2d Cir. 2002) ............................. 10

L.A v. Granby Bd. of Educ., 227 Fed.Appx. 47 (2d Cir. 2007) ................................................... 11

P.P. v. Evans-Brant Cent. Sch. Dist., 847 F.Supp.2d 466 (W.D.N.Y. 2012) ........................ 10, 11

Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440 (1989) ......................................................... 11

S.M. v. Evans-Brant Central Sch. Dist., 2013 WL 3947105 (W.D.N.Y. 2013) ................ 9, 10, 11

Sec. Exch. Comm'n v. Rosenthal, 650 F.3d 156 (2d Cir. 2011) .................................................. 13

T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469 (7th Cir. 2003) .............................................. 9

Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989) .......................... 10

United States v. McCray, 346 F.Supp.3d 363 (W.D.N.Y. 2018) ................................................. 13

United States v. Messina, 806 F.3d 55 (2d Cir. 2015) ................................................................. 13

United States v. Venturella, 391 F.3d 120 (2d Cir. 2004) ........................................................... 11

**Statutes**

20 U.S.C. § 1401 ............................................................................................................................. 6

20 U.S.C. § 1415 ............................................................................................................. passim

42 U.S.C. § 10801 et seq. ....................................................................................................... 6

42 U.S.C. § 15041 et seq. ....................................................................................................... 6

42 U.S.C. § 1988 .................................................................................................................. 10

50 U.S.C. § 3802 .................................................................................................................. 13

N.Y. Dom. Rel. Law § 7 ...................................................................................................... 12

N.Y. Educ. Law § 3214(3)(c) ............................................................................................... 12

N.Y. Est. Powers & Trusts Law § 3-1.1 .............................................................................. 13

N.Y. Gen. Oblig. Law §§ 1-202, 3-101 ............................................................................... 13

N.Y. Judiciary Law § 510 .................................................................................................... 13

N.Y. Pub. Health Law § 2504 .............................................................................................. 13

N.Y. Penal Law § 30.00 ....................................................................................................... 13

U.S. Const. amend. XXVI ................................................................................................... 13

**Other Authorities**

132 Cong. Rec. H4841-01, 1986 WL 791369 .................................................................... 12

S. Rep. No.112, at 14, *reprinted in* 1986 U.S. Code Cong. & Ad. News 1804 ............................ 12

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 8

**Regulations**

18 NYCRR § 200.4 .............................................................................................................. 12

34 C.F.R. § 99.5(a)(1) .......................................................................................................... 12

## PRELIMINARY STATEMENT

Plaintiff J.S., a former student with disability, by and through his attorneys, Disability Rights New York ("DRNY") and Prisoner's Legal Services of New York ("PLS"), commenced this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), against Defendant New York State Department of Corrections and Community Supervision ("DOCCS") for refusal to pay reasonable attorneys' fees in the amount of $71,542.00 incurred by Plaintiff's IDEA due process proceeding under 20 U.S.C. § 1415. Compl., ECF Doc. No. 1, ¶¶ 1; 30; 31; 33; 34 (March 11, 2020). In addition, Plaintiff is seeking recovery of reasonable costs incurred by DRNY in the amount of $988.72. Id. ¶ 32. Despite due demand, Defendant refuses to pay reasonable attorneys' fees and costs arising out of Plaintiff's IDEA due process hearing. Id. ¶¶ 33; 34.

In moving to dismiss, Defendant argues that Plaintiff fails to state a cognizable claim and asserts that Plaintiff, as a student and not being a parent, is not entitled to reasonable attorneys' fees and costs. Plaintiff will demonstrate that this interpretation would lead to an absurd result contrary to well-established case law. 20 U.S.C. § 1415(i)(3)(B) states, in relevant part: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—(I) to a prevailing party who is the parent of a child with a disability." However, this Court and other federal courts have previously recognized that students with disabilities can be considered prevailing parties under the IDEA and are eligible to receive attorneys' fees. Undoubtedly, Plaintiff is the prevailing party in the underlying IDEA administrative hearing. Compl. ¶ 36. The impartial hearing officer ("IHO") found that Defendant grossly violated Plaintiff's right to a free appropriate public education ("FAPE") for most of the three years that Plaintiff was incarcerated in the custody of Defendant. Id. ¶¶ 26; 27; 29; 36.

Because of this gross deprivation of FAPE, the IHO ordered the substantial remedy of compensatory education. Id. ¶¶ 27; 29; 36. As a result, the Defendant was ordered to provide 851 hours of compensatory special education services. Id. 28. Accordingly, Plaintiff is the prevailing party in the underlying IDEA administrative proceeding is entitled to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415. ¶¶ 36, 37.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff J.S. brought this action pursuant to the fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3). Compl. ¶ 1. At the time the underlying IDEA due process proceeding commenced, Plaintiff was an inmate at Elmira Correctional Facility. Id. ¶ 2. Plaintiff was 20 years old when the underlying due process proceeding commenced. Id. ¶ 3. Plaintiff was also a student with disability, as defined by the IDEA, 20 U.S.C. § 1401(3)(A). Id. ¶ 4. Plaintiff's classifications included learning disability and emotional disturbance. Id. At all times relevant to the filing of this action, Plaintiff was represented by DRNY, the designated Protection and Advocacy agency in New York State (42 U.S.C. § 15041 et seq., 42 U.S.C. § 10801 et seq.), and PLS. Id. ¶ 5.

Defendant DOCCS is a state agency responsible for operating New York State's prison system and supervising parolees. Id. ¶ 6. Defendant is required to provide special education services and programming to inmates with disabilities, under 21 years of age, as defined by the IDEA, 20 U.S.C. § 1401(3)(A). Id. ¶ 7.

J.S. was classified under the IDEA as a student with a learning disability when he was approximately 5-6 years old and classified as having an emotional disturbance when he was approximately 8-9 years old. Id. ¶ 10. Plaintiff received special education for most of his life prior to incarceration with the Defendant on December 27, 2013, when all special education ended

abruptly and without notice, meetings, or due process. Id. ¶ 11. This deprivation of FAPE continued until his release on November 23, 2016. Id.

On August 11, 2016, Plaintiff filed a Due Process Complaint against the Defendant alleging Defendant had violated of the IDEA and denied Plaintiff a FAPE, and sought compensatory special education services and independent educational evaluations. Id. ¶ 12.

A two-day hearing was held before IHO Paul T. Bumbalo in November 2016 at Wende Correctional Facility. Id. ¶ 17. A 55-page decision and order in favor of Plaintiff was issued by IHO Bumbalo on March 13, 2017, Id. ¶ 19, the IHO found:

A. Defendant was bound by the IDEA and New York Education Law § 4403, Id. ¶ 20;

B. Defendant failed to put forth reasonable effort to secure Plaintiff's educational records, Id. ¶ 21;

C. Defendant's policy not to provide special education services unless such services can be verified by an individualized education program ("IEP") was a gross violation of the IDEA, Id. ¶ 22;

D. Defendant had violated its child find obligations under the IDEA and New York Education Law, and Defendant had sufficient reason to suspect Plaintiff had a disability and was in need of special education, Id. ¶ 23;

E. Defendant failed to timely and appropriately evaluate Plaintiff in violation of the IDEA and State law, Id. ¶ 24;

F. Defendant's failure to conduct a Committee on Special Education ("CSE") meeting at the start of his incarceration through the filing of the due process hearing request was a "gross violation" of the IDEA, Id. ¶ 25; and

    G. Defendant failed to provide special education and related services for the vast majority of Plaintiff's three-year incarceration, Id. ¶ 26.

The IHO found the substance of Defendant's violations and gross violations of the IDEA warranted a substantial remedy. Id. ¶ 27. Defendant was ordered to provide the following compensatory services: 540 modules of 45 minutes of specialized math instruction; 540 modules of 45 minutes of specialized English Language Arts instruction; and 82 30-minute sessions of counseling. Id. ¶ 28.

Plaintiff incurred reasonable attorneys' fees and costs in the amount of $71,542.00. Of this, $59,812.00 is attributable to the legal work of DRNY and $11,730.00 is attributable to the legal work of PLS. Id. ¶¶ 30; 31. In addition, Plaintiff is seeking recovery of the reasonable costs incurred by DRNY in the amount of $988.72. Id. ¶ 32. Despite due demand, Defendant refuses to pay reasonable attorneys' fees and costs. Id. ¶ 33. Consequently, Plaintiff commenced the above-captioned matter seeking costs and fees from Defendant arising out of Plaintiff's IDEA due process hearing. Id. ¶ 34.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure ("FRCP") require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). A claim is facially plausible when the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. For the reasons stated below,

Defendant's motion to dismiss should be denied because Plaintiff has sufficiently plead sufficient factual allegations that Plaintiff is entitled to reasonable attorneys' fees and costs in the amount of $71,542.00, pursuant to the fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3) as the prevailing party in the underlying IDEA due process proceeding.

## ARGUMENT

### I. DEFENDANT'S ARGUMENT THAT STUDENTS CANNOT RECOVER ATTORNEYS' FEES UNDER THE IDEA IS WITHOUT MERIT

#### A. Students Are Entitled To Recover Prevailing Party Attorneys' Fees In IDEA Cases

Contrary to Defendant's assertion, it appears that no court in this or any other jurisdiction has denied the benefit of IDEA's fee-shifting provision attorney fees in an action brought by a student rather than a parent. This Court has found "[t]he purpose of the fee-shifting provision of the IDEA is to 'further ensure that children with disabilities receive free appropriate public education[s].'" S.M. v. Evans-Brant Central Sch. Dist., 2013 WL 3947105 at *4 (W.D.N.Y. 2013) quoting A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 72 (2d Cir. 2005) "It is intended to 'ease the financial burden on parents making claims' under the IDEA." Id. quoting T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 471 (7th Cir. 2003).

Under the fee-shifting provision of the IDEA, courts, in their discretion, "award reasonable attorneys' fees as part of the costs… to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Instead of the parental limitation in 20 U.S.C. § 1415(i)(3)(B)(i), the Second Circuit applies the prevailing party standard to IDEA actions. See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources, 532 U.S. 598 (2001) (A prevailing party is "one who has been awarded some relief by the court."). The Court "interpret[s] the IDEA fee provisions in consonance with those of other civil rights fee-

shifting statutes." I.B. ex rel. Z.B. v. N.Y. City Dept. of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (per curiam) citing J.C. v. Regional School Dist. 10, Bd. of Educ., 278 F.3d 119, 124 (2d Cir. 2002) ("Accordingly, it is clear that Congress intended 'prevailing party' under the IDEA to have the same meaning as 'prevailing party' under" 42 U.S.C. § 1988.). "It is well settled in this Circuit that a 'plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party,' and that 'he or she may therefore be entitled to payment of attorneys' fees under the IDEA's fee-shifting provisions.'" S.M. at *4 quoting A.R., 407 F.3d at 75.

Accordingly, federal courts have found that students are prevailing parties under the fee-shifting provision of the IDEA by application of the prevailing party standard from 42 U.S.C. § 1988. See G.M. ex rel R.F. v. New Britain Rd. of Educ., 173 F.3d 77, 84 (2d Cir. 1999) quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) (student was able to recover attorneys' fees under IDEA fee-shifting provision because he "has crossed the 'statutory threshold' of prevailing party status."); see also Counsel v. Dow, 849 F.2d 731, 739 (2d Cir. 1988) (student was a prevailing party entitled to attorney fees from state but not local defendants); see also P.P. v. Evans-Brant Cent. Sch. Dist., 847 F.Supp.2d 466 (W.D.N.Y. 2012) (awarding attorney fees to both student and parents in action brought by student individually, and parents); see also Fontenont v. Louisiana Bd. of Elementary and Secondary Educ, 835 F.2d 117,120 (5th Cir. 1988) (student could be a prevailing party entitled to attorney fees based on IDEA and legislative intent); see also Douglas v. District of Columbia, 67 F.Supp.3d 36 (D.D.C. 2014) (Awarding attorney fees to student who independently initiated and sought attorney fees pursuant to IDEA's fee shifting statute).

The United States District Court of the Western District of New York recognizes that students have the right to recover attorneys' fees for the underlying IDEA administrative proceeding. The Court held that minor student who brought an administrative proceeding individually and by and through his parent was considered a prevailing party under the IDEA. P.P., 847 F.Supp.2d 466. In another decision, the Court determined that a child plaintiff, both individually and by and through his parents, were prevailing parties in the underlying administrative proceedings and eligible for an award of attorneys' fees under the IDEA. S.M., at *4.

Moreover, contrary to Defendant's contention, the Second Circuit has not barred adult students from receiving attorney fees. Defendant plainly misrepresents the Court's reference to that provision in L.A v. Granby Bd. of Educ., 227 Fed.Appx. 47, 50 (2d Cir. 2007). Quoting L.A., Defendant asserts, "The attorneys' fees provision of the IDEA provides that parents, not the child, will receive or pay attorneys' fees." L.A., at 50, citing 20 U.S.C. § 1415(i)(3)(b). In L.A., the issue of whether the student, alone, was entitled to attorney fees was neither argued by the parties, nor assessed by the Court. Rather the Court's reference was made to support its holding that because the IDEA also implicates parents' rights, parents may proceed *pro se* in IDEA proceedings. Id. at 50. Therefore, contrary to Defendant's assertion, the Second Circuit has not barred students from recovering under the IDEA fee-shifting provision despite not being expressly identified in the statute.

### B. The Legislative Intent Of The IDEA Supports A Student's Right to Reasonable Attorneys' Fees and Costs

In addition to the prevailing party standard, the legislative history of the IDEA plainly permits a student to recover. This is precisely the conclusion drawn by the Fifth Circuit in Fontenot, 835 F.2d 117. In deciding to award attorneys' fees to a student with disabilities who brought his

own action under the IDEA, the Fifth Circuit looked to the legislative intent of the IDEA's predecessor, the Education for the Handicapped Act ("EHA").  Id., 835 F.2d at 120. Similar to the instant case, in Fontenot, a student with a disability who was over the age of majority during the pendency of the underlying administrative proceeding sought attorneys' fees in his own name. Id. The Firth Circuit Court of Appeals found "[t]he legislative history indicate that '[u]nder appropriate circumstances a **child or youth may also bring an action under the EHA and receive an award of attorneys' fees** to the extent he/she prevails." Id., quoting S. Rep. No.112, at 14, *reprinted in* 1986 U.S. Code Cong. & Ad. News 1804 (emphasis added).

Congress' intent, that a youth be able to independently bring an IDEA action and receive an award of attorneys' fees, is consistent with sound public policy. The Report of the Senate Committee on Labor and Human Resources on the Handicapped Children's Protective Act of 1986, which amended the EHA, supports this:

[T]he intent of Congress that handicapped children and their parents have available to them the full range of remedies necessary to protect and defend both their right to be free from discrimination and their right to a free appropriate public education. The full range of remedies includes the right to reimbursement of reasonable attorneys' fees in actions in which they are declared the prevailing party. The right to reimbursement of reasonable attorneys' fees provided for in the conference report is exactly the same right Congress has extended to other persons protected by fees statutes. 132 Cong. Rec. H4841-01, 1986 WL 791369 (statement of Rep. Williams)

Additionally, there are other education laws that permit students to enforce their own rights in administrative proceedings. A student, 18 years of age or older, may refer him or herself to a school district's CSE "for identification, evaluation, and possible special education placement." 18 NYCRR § 200.4(a)(2)(i)(a)-(e). Further, students, regardless of age, may appeal both long- and short-term suspensions. See N.Y. Educ. Law § 3214(3)(c). Under the Family Educational Rights and Privacy Act ("FERPA"), rights transfer to the student when he or she reaches the age of 18 or attends a school beyond the high school level. 34 C.F.R. § 99.5(a)(1). FERPA also permits a

student to request his or her education records upon reaching the age of majority. Id. In addition, when individuals reach the age of majority, they assume additional rights, including: the right to marry, N.Y. Dom. Rel. Law § 7; vote, U.S. Const. amend. XXVI; enter into a contract, N.Y. Gen. Oblig. Law §§ 1-202, 3-101; make a will N.Y. Est. Powers & Trusts Law § 3-1.1; obtain medical treatment without consent, N.Y. Pub. Health Law § 2504; be tried under criminal statutes as an adult for certain offenses, N.Y. Penal Law § 30.00; be called for jury duty, N.Y. Judiciary Law § 510; and register for the Selective Service System, if male, 50 U.S.C. § 3802.

Moreover, under Defendant's interpretation of 20 U.S.C. § 1415(i)(3)(b),, students would have no ability to avail themselves of legal assistance to challenge any decision of the CSE, yet the parent would. This is an absurd result, and clearly contrary to the legislative intent of the IDEA.

According to the canon of statutory construction against absurdity, "[a] statute should be interpreted in a way that avoids absurd results." Sec. Exch. Comm'n v. Rosenthal, 650 F.3d 156, 162 (2d Cir. 2011) quoting United States v. Venturella, 391 F.3d 120, 126 (2d Cir. 2004). Further, "'[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.'" United States v. McCray, 346 F.Supp.3d 363, 369 (W.D.N.Y. 2018) quoting United States v. Messina, 806 F.3d 55, 70 (2d Cir. 2015) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982)). "Courts should look beyond a statute's text under the canon against absurdity 'only "where the result of applying the plain language would be, in a genuine sense, absurd, *i.e.*, where it is quite impossible that Congress could have intended the result and where the alleged absurdity is so clear as to be obvious to most anyone."' Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705-706 (2d Cir. 2019) quoting Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Prot. Agency, 846 F.3d 492,

517 (2d Cir. 2017) (quoting Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 470-471 (1989) (Kennedy, J., concurring in the judgment)).

Prohibiting Plaintiff's recovery of attorneys' fees by reason of not being expressly identified as a party in the IDEA fee-shifting provision is absurd and contrary to the legislative intent of the statute. Defendant's interpretation – that only a parent can receive fees - creates an absurd result because students, and even legal guardians, would be precluded from enforcing their right to a FAPE through the remedy of an award of attorneys' fees as the prevailing party.

Plaintiff presents an appropriate circumstance where he is entitled to attorneys' fees as the prevailing party in bringing his own action under the IDEA, consistent with the clear intent of the law. Here, Plaintiff is a student with a disability and over the age of majority, as he was 20 years old when he brought the due process complaint against Defendant, without a parent or guardian. Further, Plaintiff was incarcerated in an adult correctional facility, and is able to make legally binding decisions on his own. Since Plaintiff brought the underlying action in his own name, appropriately, as the prevailing party, he should be entitled to attorneys' fees from Defendant.

## CONCLUSION

Plaintiff's compliant should not be dismissed because Plaintiff has plead sufficient factual material that when accepted as true "state a claim that is plausible on its face." Iqbal, 556 U.S. at 678 (2009) quoting Twombly, 550 U.S. at 556. Accordingly, Plaintiff has sufficiently stated that Plaintiff is a prevailing party and entitled to attorneys' fees under the fee-shifting provisions of the IDEA. For these reasons, Defendant's motion to dismiss should be denied.

**DATED:**   June, 26, 2020
              Albany, New York

**S/ JULIE KEEGAN**
Julie Keegan, Esq.
Attorney for Plaintiff
Disability Rights New York
725 Broadway, Suite 450
Albany, NY  12207-5001


**S/ MARIA PAGANO**
Maria Pagano, Esq.
Attorney for Plaintiff
Prisoners Legal Services of New York
107 Delaware Ave., Suite 360
Buffalo, NY  14202