UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

J.S.,

        Plaintiff,

v.                                20-cv-297 (JLS) (JJM)

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND
COMMUNITY SUPERVISION,

        Defendant.

───────────────────────────────

## DECISION AND ORDER

J.S. commenced an administrative proceeding against Defendant New York State Department of Corrections and Community Supervision ("DOCCS") on August 11, 2016, alleging DOCCS violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, by denying him appropriate public education while he was incarcerated. On March 13, 2017, a hearing officer concluded that DOCCS violated the IDEA, and that J.S. was entitled to special educational services. Dkt. 1-1. J.S. was represented by counsel during those proceedings and incurred $71,542.00 in attorney's fees and $988.72 in costs.

J.S. commenced this action seeking to recover those fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B), which permits courts to use their discretion to award "a prevailing party who is the parent of a child with a disability" costs, including reasonable attorney's fees. The Court referred the matter to United States

Magistrate Judge McCarthy to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 8.

DOCCS filed a motion to dismiss on May 28, 2020. Dkt. 7. It argues that because J.S. is not the parent of a child with a disability, he cannot be awarded attorney fees under the IDEA. J.S. filed a response (Dkt. 12), and DOCCS filed a reply. Dkt. 13. On October 5, 2020, Judge McCarthy issued a Report and Recommendation that recommended granting DOCCS's motion ("R&R"). Dkt. 16.

J.S. objected to the R&R on November 16, 2020. Dkt. 21. J.S. asserts, among other things, that the R&R is at odds with the holding in *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007), which held that parents have independent rights under the IDEA and, as a result, are entitled to prosecute IDEA claims on their own behalf—despite the absence of explicit language granting such rights. DOCCS did not file a response, however, the Court requested that it file a memorandum addressing the applicability of *Winkelman*. Dkt. 23. On April 13, 2021, DOCCS filed such memorandum arguing that the reasoning in *Winkelman* only applied in the context of defining the substantive rights of parents, not children. Dkt. 24. J.S. did not file a reply.

A district judge may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

2

The Court has conducted a *de novo* review of the relevant record in this case, and studied the R&R, J.S.'s objection, and the parties' briefs. Based on that review, the Court accepts and adopts Judge McCarthy's recommendations. *Winkelman* does not require a contrary result.

## CONCLUSION

For the reasons stated above and in the R&R, DOCCS's motion to dismiss is GRANTED. J.S.'s complaint is DISMISSED with prejudice. The Clerk of Court shall close this case.

**SO ORDERED.**

Dated:   August 30, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE